**Rufus Roscoe WEBB, Movant,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 2616.

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 10, 1970.

Rufus Roscoe Webb, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Webb is a prisoner in custody under sentence of this Court of April 21, 1966 in United States of America v. Rufus Roscoe Webb, et al., criminal action no. 6907, this district and division. He claims the right to be released upon the ground that such sentence is subject to collateral attack, in that (a) his court-appointed counsel failed to explain to him the nature of the charge "* * * in order that petitioner fully understood and with knowledge the consequence of his guilty plea in violation of the Constitution of the United States of America * * *"; and (b) that he was deprived of due process of law by the failure of the Court to comply with Rule 11, Federal Rules of Criminal Procedure, in that the Court did not make a subjective finding that there was a basis for his guilty pleas. 28 U.S.C. § 2255. There is no merit to either contention.

The movant appeared with his court-appointed counsel for arraignment

13. 347 F.2d 90 (5th Cir. 1965).

14. 276 F.Supp. 593 (E.D.La.1967).

on April 5, 1966. He filed a petition to be permitted to enter a plea of guilty to each of the counts of the indictment therein. Therein, *inter alia*, he stated:

\* \* \* \* \* \*

\* \* \* I have received a copy of the indictment before being called upon to plead, and have read and discussed it with my attorney, and believe and feel that I understand every accusation made against me in this case.

\* \* \* My attorney has since informed me, and has counselled and advised with me as to the nature and cause of every accusation against me, and as to any and all possible defenses I might have.

\* \* \* My attorney has advised me \* \* \* that if I plead "GUILTY" to more than one offense, each count of the *indictment* being considered a separate offense, the Court may order the sentences to be served consecutively, one after another.

\* \* \* I understand that I may, if I so choose, plead "Not Guilty" to any offense charged against me, and that if I choose to plead "Not Guilty" the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right to see and hear all witnesses against me; (c) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and (d) the right to have the assistance of counsel in my defense at all stages of the proceedings.

\* \* \* I now understand the proceeding in this case against me. \* \* \* I know the Court will not accept a plea of "GUILTY" from anyone who claims to be innocent and, with that in mind and because I make no claim of innocence, I wish to plead "GUILTY" \* \* \*.

\* \* \* I declare that I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also \* \* \* I feel and believe I understand, the statements set forth in the *indictment*, and in this petition \* \* \*.

\* \* \* \* \* \*

In addition, in oral dialogue, the movant stated to the Court that he understood fully the charges against him in the indictment, and the maximum punishments which could be extracted of him if his guilty pleas were accepted by the Court.

Rule 11, to which reference was made hereinabove, was amended, effective July 1, 1966, to require a trial judge to become satisfied that there is a factual basis for a plea of guilty. Prior to that date, there was no such requirement. See 1 Federal Practice and Procedure (Wright) 375, § 174. Thus, on April 5, 1966, that rule was as follows:

A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

This Court did not accept the guilty pleas of the movant without having first determined that such pleas were made voluntarily and with understanding of the nature of each charge. Accordingly, there was full compliance by the Court with Rule 11, as it existed on the date Mr. Webb's pleas were accepted.

The motion of Mr. Webb and the files and records of the case showing conclusively that he is entitled to no relief, 28 U.S.C. § 2255, the movant hereby is

DENIED all relief. Rule 58, Federal Rules of Civil Procedure. He, having been permitted to proceed herein in forma pauperis, should Mr. Webb give timely notice of an appeal herein, he may proceed on appeal in forma pauperis without further authorization. Rule 24 (a), Federal Rules of Civil Procedure.